IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBYN SPAINHOWARD as Administratrix of the Estate of MICHAEL ZENNIE DIAL II, deceased<br><br>    Plaintiff,<br><br>vs.<br><br>WHITE COUNTY, TENNESSEE,<br><br>    Defendant. | Case No. 2:18-cv-15<br>District Judge Crenshaw<br>Magistrate Judge Brown<br><br>JURY DEMAND |

## WHITE COUNTY, TENNESSEE'S ANSWER TO COMPLAINT

White County, Tennessee answers the Complaint filed against it as follows:

1. White County acknowledges that Ms. Spainhoward brings this action as the Administratrix of the Estate of Mr. Dial alleging wrongful death and violation of civil rights. White County denies liability or that the use of force was unjustified or a violation of Mr. Dial's civil rights.

2. White County acknowledges that this action is brought pursuant to 42 U.S.C. § 1983 for alleged deprivations of Mr. Dial's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. White County denies liability under these Amendments.

3. White County admits that this Court has jurisdiction as stated in paragraph 3 of the Complaint but reserves the right to request that this Court deny exercise of supplemental jurisdiction over any state law claims as contemplated in 28 U.S.C. § 1367.

1

4. White County lacks knowledge or information sufficient to admit the allegations contained in paragraph 4 of the Complaint.

5. White County admits the allegations contained in the first sentence of paragraph 5 of the Complaint. White County admits that it is responsible for training and supervising its employees and that it established policies for law enforcement officers regarding arrests and the use of force. White County admits that its officers were acting under color of state law. White County denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains allegations that are not directed at White County and therefore no response is necessary. To the extent a response is necessary, White County admits the allegations contained in the first sentence of paragraph 6, but lacks knowledge or information sufficient to admit the remaining allegations.

7. White County admits that Mr. Shoupe is a citizen and resident of Tennessee and that at all material times, he was acting in the capacity as sheriff of White County and under color of state law. White County acknowledges that Mr. Shoupe was sued in his individual capacity, but this claim has been dismissed.

8. White County admits that Mr. West is a citizen and resident of Tennessee and that at all material times, he was acting in the capacity as a deputy of White County and under color of state law. White County acknowledges that Mr. West was sued in his individual capacity, but this claim has been dismissed.

9. Paragraph 9 of the Complaint contains allegations that are not directed at White County and therefore no response is necessary. To the extent a response is necessary, White County lacks knowledge or information sufficient to admit the allegations set forth in this paragraph.

10. White County admits the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains allegations that are not directed at White County and therefore no response is necessary. To the extent a response is necessary, White County lacks knowledge or information sufficient to admit the allegations set forth in this paragraph.

12. White County admits the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains allegations that are not directed at White County and therefore no response is necessary. To the extent a response is necessary, White County lacks knowledge or information sufficient to admit the allegations set forth in this paragraph.

14. White County admits that Mr. Shoupe and Mr. West, as well as the other deputies involved in this incident, were acting under color of state law. White County lacks information or knowledge sufficient to admit whether the City Defendants were or were not acting under color of state law or other laws, ordinances or regulations set out in paragraph 14 of the Complaint. White County denies the remaining allegations set out in paragraph 14.

15. White County lacks information or knowledge sufficient to admit the allegations contained in paragraph 15 of the Complaint.

16. White County lacks information or knowledge sufficient to admit the allegations contained in paragraph 16 of the Complaint.

17. White County admits the allegations contained in paragraph 17 of the Complaint.

18. White County admits that Smithville police attempted to stop Mr. Dial. White County lacks information or knowledge sufficient to admit the remaining allegations contained in paragraph 18 of the Complaint.

19. White County admits the allegations contained in paragraph 19 of the Complaint.

20. White County admits the allegations contained in paragraph 20 of the Complaint.

21. White County admits the allegations contained in paragraph 21 of the Complaint.

22. White County admits that different officers and/or deputies attempted to stop Mr. Dial using pit maneuvers. White County lacks information or knowledge sufficient to admit the remaining allegations contained in paragraph 22 of the Complaint.

23. White County admits that the officers were unsuccessful in their efforts to stop Mr. Dial. White County denies the remaining allegations contained in paragraph 23 of the Complaint.

24. White County admits that Mr. Dial was traveling northbound on Highway 111, north of Sparta. White County lacks information or knowledge sufficient to admit the estimated speed of Mr. Dial. White County denies the remaining allegation contained in paragraph 24 of the Complaint.

25. White County denies the allegations contained in paragraph 25 of the Complaint. While White County admits that Mr. Shoupe authority the use of deadly force, this authorization was based on more than just failed pit maneuvers.

26. White County denies the allegations contained in paragraph 26 of the Complaint

27. White County admits that at about the same time Mr. Shoupe authorized the use of deadly force, Mr. West unholstered his weapon. White County denies any remaining allegations or insinuations set forth in paragraph 27 of the Complaint.

28. White County denies the allegations contained in paragraph 28 of the Complaint.

29. White County admits that Mr. Dial veered onto the right, grassy shoulder area of the roadway. White County denies the remaining allegations contained in paragraph 29 of the Complaint.

30. White County denies the allegations contains in paragraph 30 of the Complaint.

31. White County admits that Mr. West fired shots at Mr. Dial. White County denies the remaining allegations contained in paragraph 31 of the Complaint.

32. White County denies the allegations contained in paragraph 32 of the Complaint.

33. White County admits that Mr. Dial's vehicle was on the right, grassy side of the road. White County denies the remaining allegations contained in paragraph 33 of the Complaint.

34. White County admits that Mr. West exited his vehicle and fired shots at Mr. Dial. White County lacks information or knowledge sufficient to admit that Mr. West struck Mr. Dial with any of these shots. White County denies the remaining allegations contained in paragraph 34 of the Complaint.

35. White County denies the allegations contained in paragraph 35 of the Complaint as the timeline is not accurate. White County does admit that Officer Sims turned his vehicle around so that he was facing, and directly in the path of Mr. Dial's vehicle.

36. White County admits that Officer Sims stepped out of this vehicle and fired shots as Mr. Dial's vehicle was heading directly toward him. White County lacks knowledge of information sufficient to admit the remaining allegations contained in paragraph 36 of the Complaint.

37. White County admits the allegations contained in paragraph 37 of the Complaint.

38. White County denies the allegations contained in paragraph 38 of the Complaint.

39. White County admits the allegations contained in paragraph 39 of the Complaint.

40. White County lacks information or knowledge sufficient to admit the allegations contained in paragraph 40 of the Complaint.

41. White County admits the allegations contained in paragraph 41 of the Complaint.

42. White County denies the allegations contained in paragraph 42 of the Complaint.

43. White County admits that Mr. Shoupe is heard on audio recordings several hours after the incident making statements similar to those listed in paragraph 43 of the Complaint. White County denies that these statements set forth the basis for his authorization on the use of deadly force.

44. White County admits that Mr. Shoupe is heard on audio recordings several hours after the incident making statements similar to those listed in paragraph 44 of the Complaint. White County denies that these statements set forth the basis for his authorization on the use of deadly force.

45. White County admits that Mr. Shoupe is heard on audio recordings several hours after the incident making statements similar to those listed in paragraph 45 of the Complaint. White County denies that these statements set forth the basis for his authorization on the use of deadly force.

46. White County admits that at the time of this incident, Mr. Shoupe was an elected official and that as sheriff, he was in charge of all White County deputies. White County denies the remaining allegations contained in paragraph 46 of the Complaint.

47. White County denies that Mr. Shoupe commanded the use of deadly force; he authorized it based on the information available to him at the time. White County denies the remaining allegations contained in paragraph 47 of the Complaint.

48. White County denies the allegations contained in paragraph 48 of the Complaint.

49. White County admits that Mr. Dial did not have a firearm on him when the vehicle was ultimately searched or that there was information suggesting that he had a firearm. White County submits that Mr. Dial's vehicle was a deadly weapon.

50. White County denies the allegations contained in paragraph 50 of the Complaint.

51. White County admits that it was not informed that Mr. Dial was armed with a firearm. White County submits that Mr. Dial's vehicle was a deadly weapon. White County admits that it was not certain as to the identity of the individual being pursued. White County denies the remaining allegations contained in paragraph 51 of the Complaint.

52. White County lacks knowledge or information sufficient to admit the allegations set out in paragraph 52 of the Complaint.

53. White County denies the allegations contained in paragraph 53 of the Complaint.

54. White County denies the allegations contained in paragraph 54 of the Complaint.

55. White County denies the allegations contained in paragraph 55 of the Complaint.

56. White County admits that it had policies and procedures in place governing arrests, pursuits and the use of deadly force. White County denies the remaining allegations contained in paragraph 56 of the Complaint and affirmatively states that any causes of action based on alleged inadequate training or supervision have been dismissed.

57. White County denies the allegations contained in paragraph 58 of the Complaint.

58. The allegations in paragraph 58 of the Complaint are not directed at White County and therefore no response is required. To the extent a response is required, White County lacks knowledge or information sufficient to admit the allegations set out in paragraph 58 of the Complaint.

59. The allegations in paragraph 59 of the Complaint are not directed at White County and therefore no response is required. To the extent a response is required, White County lacks knowledge or information sufficient to admit the allegations set out in paragraph 59 of the Complaint.

60. White County denies the allegations contained in paragraph 60 of the Complaint.

61. No response is required.

62. White County denies the allegations contained in paragraph 62 of the Complaint.

63. White County denies the allegations contained in paragraph 63 of the Complaint.

64. White County denies the allegations contained in paragraph 64 of the Complaint.

65. White County denies the allegations contained in paragraph 65 of the Complaint.

66. White County denies the allegations contained in paragraph 66 of the Complaint.

67. White County denies the allegations contained in paragraph 67 of the Complaint.

68. White County denies the allegations contained in paragraph 68 of the Complaint.

69. White County denies the allegations contained in paragraph 69 of the Complaint.

70. White County denies the allegations contained in paragraph 70 of the Complaint.

71. White County admits that Mr. Shoupe, as the then Sheriff, had a duty to supervise his employees but affirmatively states that any claim against Mr. Shoupe for alleged improper supervision have been dismissed. White County denies that Mr. Shoupe failed to properly supervise his employees.

72. White County denies the allegations contained in paragraph 72 of the Complaint.

73. White County denies the allegations contained in paragraph 73 of the Complaint.

74. White County denies the allegations contained in paragraph 74 of the Complaint.

75. White County denies the allegations contained in paragraph 75 of the Complaint.

76. White County denies the allegations contained in paragraph 76 of the Complaint.

77. White County denies the allegations contained in paragraph 77 of the Complaint.

78. White County denies the allegations contained in paragraph 78 of the Complaint.

79. White County denies the allegations contained in paragraph 79 of the Complaint.

80. White County denies the allegations contained in paragraph 80 of the Complaint.

81. White County denies the allegations contained in paragraph 81 of the Complaint.

82. No response is necessary.

83. White County denies the allegations contained in paragraph 83 of the Complaint.

84. White County denies the allegations contained in paragraph 84 of the Complaint.

85. White County denies the allegations contained in paragraph 85 of the Complaint.

86. White County denies the allegations contained in paragraph 86 of the Complaint.

87. White County denies the allegations contained in paragraph 87 of the Complaint.

88. White County denies the allegations contained in paragraph 88 of the Complaint.

89. No response is necessary.

90. White County denies the allegations contained in paragraph 90 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

91. White County denies the allegations contained in paragraph 91 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

92. White County denies the allegations contained in paragraph 92 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

93. White County denies the allegations contained in paragraph 93 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

94. White County denies the allegations contained in paragraph 94 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

95. White County denies the allegations contained in paragraph 95 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

96. White County denies the allegations contained in paragraph 96 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

97. White County denies the allegations contained in paragraph 97 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

98. White County denies the allegations contained in paragraph 98 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

99. White County denies the allegations contained in paragraph 99 of the Complaint. White County affirmatively asserts that any claims based on an alleged failure to train or supervise have been dismissed.

100. No response is necessary.

101. White County denies the allegations contained in paragraph 101 of the Complaint. White County affirmatively asserts that punitive damages may not be recovered against it.

102. The remaining allegations in the Complaint are prayers for relief and do not require a response. White County denies that Plaintiff is entitled to any of the relief for which she prays

103. White County denies all remaining allegations set out in the Complaint not previously admitted herein.

**AFFIRAMTIVE DEFENSES**

1. White County affirmatively asserts that, upon information and belief, it was not a White County employee that shot Mr. Dial.

2. White County affirmatively asserts that Plaintiff's claims under the Fourteenth Amendment should be dismissed as her claims are more appropriately analyzed under the Fourth Amendment.

3. White County affirmatively asserts that Mr. West did not violate Mr. Dial's constitutional rights and therefore White County may not be held liable.

4. White County affirmatively asserts that probable cause existed for authorizing the use of deadly force, therefore White County may not be held liable.

5. White County reserves the right to amend this Answer upon completion of discovery.

WHEREFORE, White County prays that the remaining claim against it should be dismissed for failure to state a claim as probably cause existed for the use of deadly force. White County also requests that the trial of this cause be bifurcated into two parts. Part one of the bifurcated trial would address whether probable cause existed for the use of deadly force. If the answer to this question is yes, then there is no need to proceed forward and Plaintiff's claim should be dismissed. If the answer is no, part two of the bifurcated trial would determine whether White County can be found liable. **White County demands a jury to try this cause.**

Respectfully submitted,

/s/ Michael T. Schmitt
**Michael T. Schmitt (BPR #25673)**
Ortale Kelley Law Firm
330 Commerce Street, Suite 110
Nashville, TN 37219
mschmitt@ortalekelley.com
*Attorney for White County, Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2019 I have served a copy of this Answer on the following individuals through the Court's CM/ECF email system:

David J. Weissman
Benjamin K. Raybin
RAYBIN & WEISSMAN, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
DWeissman@NashvilleTNLaw.com
BRaybin@NashvilleTNLaw.com
*Attorneys for Plaintiff*

J. Michael Shipman
SHIPMAN & CRIM, PLLC
230 E. Broad Street, Suite 206C
Cookeville, Tennessee 38501
michael@shipmancrim.com
*Attorney for Plaintiff*

/s/ Michael T. Schmitt
Michael T. Schmitt